IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony Brown, # 10413-171, | ) | C/A No.: 1:11-230-CWH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| United States of America, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Petitioner is a federal prisoner, proceeding *pro se* and *in forma pauperis*, seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Pursuant to the provisions 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the district judge.

Petitioner is incarcerated in FCI Butner Low, serving two concurrent sentences of 262 months, having been found guilty after a jury trial on September 17, 2003 of violating 21 U.S.C. § 841(a), b(1)(A) (possession with intent to distribute crack cocaine) and 18 U.S.C. § 922(g)(1) (possession of a firearm by a convicted felon). On December 9, 2003, Petitioner was sentenced by the Honorable C. Weston Houck to the above-noted term of imprisonment, under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on Petitioner's three prior South Carolina state court convictions for violent felonies, *i.e.* assault and battery of a high and aggravated nature in 1990; failure to stop

for a blue light in 1996; and third degree burglary in 2000. *See United States v. Brown*, 4:03-598-CWH (D.S.C. 2003) at Entry # 25.[1]

Petitioner appealed his district court convictions and sentences to the Fourth Circuit, challenging the drug quantity and the weapon enhancement that he received under the Federal Sentencing Guidelines, USSG § 2D1.1, arguing that his sentence violated his Sixth Amendment rights under *Blakely v. Washington*, 542 U.S. 296 (2004), because the facts were not determined by the jury. Petitioner appealed his armed career criminal status under *Blakely* because the predicate offenses were not charged in his indictment. The Fourth Circuit affirmed his convictions and sentences on November 2, 2006. *See* Unpublished Opinion No. 03-4980 (4th Cir. Nov. 2, 2006), *United States v. Brown*, 4:03-598-CWH (D.S.C. 2003) at Entry #36.

Petitioner, who has not previously filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 or a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, now brings the instant § 2241 Petition alleging that he is "actually innocent of being a career offender" and that "the district court erred in the calculation of Petitioner's sentence because one of his three prior convictions [for failure to stop for a blue light] under [S.C.] Code Ann. § 56-5-750 should not have been considered a crime of violence . . . [and] a predicate offense for purposes of the career offender enhancement

---

[1] This court takes judicial notice of Petitioner's prior district and circuit court proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

. . . under 18 U.S.C. § 924(e)(2)(B)(ii)." [Entry #1].  Petitioner alleges that his failure to stop for a blue light conviction does not qualify as a crime of violence under the ACCA in light of *Chambers v. United States*, 555 U.S. 122 (2009) and *United States v. Rivers*, 595 F.3d 558 (4th Cir. 2010).  *Rivers* held that, in light of the Supreme Court's decision in *Chambers*, "under no circumstances is a violation of South Carolina's blue light statute a violent felony" and "a violation of . . . S.C. Code Ann. § 56-5-750(A) does not qualify as a predicate offense for purposes of the ACCA."  *Rivers*, 595 F.3d at 560, 565.

Having reviewed the Petition in accordance with applicable law, the undersigned recommends that it be summarily dismissed.

I.      Standard of Review in *Pro Se* Habeas Cases

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes.  The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted.  28 U.S.C. §1915(e)(2)(B)(i) and (ii).  As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to

3

allege facts which set forth a claim cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

II.   Discussion

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, Nos. 08-8191, 09-6001, 2010 U.S. App. LEXIS 18697, 2010 WL 3474802, at *3 (4th Cir. Sept. 7, 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. Petitioner has failed to make such a showing. The fact that Petitioner did not avail himself of the opportunity to file a motion for relief under § 2255 within the one-year period of limitation established by § 2255(f) and is now time-barred from doing so does not mean that the potential relief of § 2255 is inadequate or ineffective; it simply

4

means that Petitioner is not entitled to it. *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision.")

To trigger the savings clause of § 2255(e) and proceed under § 2241, Petitioner would have to show that something more should be considered by this court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*, 226 F.3d 328 (4th Cir. 2000). In *Jones*, the Fourth Circuit held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333–34.

Petitioner cannot satisfy all the elements of this test. Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." However, this statement has not been extended to include sentencing calculations made pursuant to the Sentencing Guidelines, even as to the ACCA. *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."); *see also*

5

*United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.") (citing *In re Jones*, 226 F.3d at 333–34). Accordingly, Petitioner's allegations that he is actually innocent of being a career offender do not raise a claim that may be presented in a § 2241 petition.

Furthermore, Petitioner's actual innocence claim is facially inadequate to require further consideration, as he fails to allege any new, reliable evidence of any type that was not presented in any of his prior court proceedings that supports his innocence. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial"); *Thompson v. United States*, No. 99-3898, 2000 U.S. App. LEXIS 9043, 2000 WL 571952 (6th Cir. 2000) (bare allegations of actual innocence as to the charge to which the petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241).

The Petition also alleges:

> Petitioner's sentence deserves to be reduced not merely because of the benefit of recent Supreme Court decisions concerning South Carolina's blue light statute not being a violent crime removing the career criminal designation and penalties imposed. Pursuant to 18 U.S.C. § 3582(c)(2), the Sentencing Commission has issued an Amendment to the United States Guidelines, specifically Amendment 706, which may be deemed retroactively applicable to Petitioner's base calculation for his offense involving crack cocaine. On July 28, 2010, the Fair Sentencing Act passed

the House of Representatives reducing further the current 100:1 sentencing disparity between powder and crack cocaine [ to 18:1] under § 3552(a)(iii)."

[Entry #1-1].

The Fair Sentencing Act of 2010 ("FSA"), however, is not retroactive. *See United States v. Evans*, No. 09-5086, 2010 U.S. App. LEXIS 24109, 2010 WL 4746424, at *1 n.* (4th Cir. Nov. 23, 2010) (per curiam)*; United States v. Brown*, 2010 U.S. App. LEXIS 21135, 2010 WL 3958760, *1 (8th Cir. 2010) (holding that the FSA "was not made retroactive"); *Deleston v. Warden*, C/A No.: 6:10-2036-DCN-KFM, 2010 U.S. Dist. LEXIS 101786 at *7 (D.S.C. Sept. 8, 2010) adopted by 2010 U.S. Dist. LEXIS 101969 (D.S.C. Sept. 24, 2010).

Petitioner's allegation that his sentence deserves to be reduced pursuant to Amendment 706 of the Federal Sentencing Guidelines, which altered the drug quantity table set forth in USSG. § 2D1.1 to effectively lower the base offense level for offenses involving crack cocaine by two levels, is not a claim that can properly be brought in a § 2241 petition. However, this claim may serve as a valid basis for relief in a motion brought under 18 U.S.C. § 3582(c)(2) for a reduction of Petitioner's sentence for violation of 18 U.S.C. § 841(a), b(1)(A). Subsection 3582(c) sets forth limited exceptions to the rule that a "court may not modify a term of imprisonment once it has been imposed." Title 18 U.S.C. § 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on

its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Under 18 U.S.C. § 3582(c)(2), a district court may modify the defendant's sentence *only* if the sentencing amendment is listed in the Guidelines as being retroactively applicable. "A guideline amendment may be applied retroactively *only* when expressly listed in USSG § 1B1.10(c)." *United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004) (emphasis added). "The [United States Sentencing Guidelines] Commission added Amendment 706 to the list in the USSG § 1B1.10(c) policy statement that designates those guidelines amendments which may be applied retroactively." *United States v. Dunphy*, 551 F.3d 247, 249 (4th Cir. 2009). Summary dismissal of the instant § 2241 Petition, without prejudice, would not preclude Petitioner from filing a motion in this court under § 3582(c)(2) to seek a reduction in his sentence pursuant to Amendment 706 of the Federal Sentencing Guidelines.

III.     Conclusion

For the foregoing reasons, it is recommended that the district judge dismiss the Petition without prejudice and without requiring Respondent to file an answer.

IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges/*

March 18, 2011                                                      Shiva V. Hodges
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**