IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Anthony Brown, | ) | 1:11-cv-00230-CWH |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

On January 28, 2011, the petitioner, Anthony Brown (the "petitioner"), filed a pro se petition pursuant to 28 U.S.C. § 2241. (ECF No. 1). Accordingly, this case was automatically referred to a United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C. On March 18, 2011, the United States Magistrate Judge issued a Report and Recommendation ("R&R") recommending that this Court dismiss the petition in this case without prejudice and without requiring the respondent to file an answer, because a challenge to a federal sentence must be brought pursuant to 28 U.S.C. § 2255. (ECF No. 15). On March 31, 2011, the petitioner filed objections to the R&R. (ECF No. 17). His objections, however, reiterated his previous arguments stated in the petition. As explained herein, the Court agrees with the findings and recommendations of the magistrate judge and dismisses the petitioner's claims without prejudice and without requiring the respondent to file an answer.

I. STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261, 271 (1976). The final decision is made by the

Court based upon the actual record, not merely the magistrate judge's reported findings. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985) (citation omitted). The Court may "accept, reject, or modify, in whole or in part," the recommendation made by the magistrate judge or "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The Court is charged with making a de novo determination of any portion of the magistrate judge's report to which a specific objection is made. Id.

## II. DISCUSSION

The magistrate judge has properly concluded that the petitioner's challenge to his sentence must be brought pursuant to 28 U.S.C. § 2255, if at all. Several courts have uniformly held:

> [C]laims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and . . . claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (citations omitted). 28 U.S.C. § 2255 has a savings clause, which under limited circumstances permits a prisoner to challenge a federal conviction pursuant to § 2241 where a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. See 28 U.S.C. § 2255(e). A prisoner must meet the specific requirements set forth in In re Jones, 226 F.3d 328 (4th Cir. 2000), to pursue a § 2241 petition pursuant to this savings clause. In In re Jones, the Fourth Circuit held that, in order to challenge a sentence pursuant to the savings clause of § 2255(e), a petitioner must show:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255



Page 2 of 3

> motion, the substantive law changed such that the conduct of
> which the prisoner was convicted is deemed not to be criminal;
> and (3) the prisoner cannot satisfy the gatekeeping provisions
> of § 2255 because the new rule is not one of constitutional law.

226 F.3d at 333-34. Because the petitioner did not contend in his objections that a § 2255 motion would be inadequate or ineffective to test the legality of his sentence, he has not made any showing that his circumstances warrant the application of § 2255's "savings clause." Thus, the magistrate judge properly concluded that this Court does not have jurisdiction to entertain the petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

After reviewing the record of this matter, the applicable law, and the R&R of the magistrate judge, the Court agrees with the conclusions of the magistrate judge. Accordingly, this Court adopts the magistrate judge's R&R (ECF No. 15) in its entirety as the Order of this Court and the petitioner's claims are dismissed without prejudice and without requiring the respondent to file an answer.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

February 14, 2013
Charleston, South Carolina